Allen FLYE, Jr. and Theresa Degrate, Individually and as Next Friends for Allen Flye, III, A Minor Child, Appellants,

v.

CITY OF WACO, Appellee.

No. 10–00–260–CV.

Court of Appeals of Texas, Waco.

June 20, 2001.

C. Michael Flynn, Waco, for appellant.

Charles D. Olson, Alfred Mackenzie, Haley & Davis, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

On March 23, 1997, six-year-old Allen Flye, III ("Allen") attended a picnic at Cameron Park in the City of Waco with his parents. Allen was pushing a friend on a swing when he slipped. The swing hit him on the head, causing a wound which required about 30 stitches and 18 staples to close. Allen's parents, Allen Flye, Jr. and Theresa Degrate ("the Flyes"), individually and on his behalf, brought suit against the City of Waco ("City") alleging, among other things, negligence and gross negligence because the swing in question did not have a protective bumper like other swings in the park. The City moved for summary judgment on grounds that: 1) Allen and the Flyes were engaged in recreational activity and the City had no liability for their negligence claim, 2) the City is entitled to governmental immunity, and 3) the City did not owe Allen or the Flyes any duty which gave rise to liability for the negligence alleged. The trial court granted the motion, and the Flyes appealed. Finding the summary judgment proper, we will affirm.

## STANDARD OF REVIEW

■ The standards for reviewing a summary judgment are well established. They are:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo. *Rucker v. Bank One,* 36 S.W.3d 649, 653 (Tex.App.—Waco 2000, pet. filed).

■ Gross negligence is defined as "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it." *Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 920 (Tex.1981); *Missouri Pacific Ry. v. Shuford,* 72 Tex. 165, 170, 10 S.W. 408, 411 (1888).

With these principles in mind, we turn to a review of the summary-judgment motion, response, and evidence.

## DISCUSSION

The Flyes asserted claims for negligence and gross negligence in their original and amended petitions.[1]

### ORDINARY NEGLIGENCE

The Flyes agree on appeal that they went to the park to engage in activities that fall within the scope of the Recreational Use Statute, chapter 75 of the Civil Practice and Remedies Code ("the Statute"). TEX. CIV. PRAC. & REM. CODE ANN. §§ 75.001–.004 (Vernon Supp.2001). Section 75.003(e) makes chapter 75 applicable to governmental units, including the City. *Id.* § 75.003(e). Section 75.003(f) provides: "This chapter does not waive sovereign immunity." *Id.* § 75.003(f). They agree that claims based on ordinary negligence are barred by the Statute. Thus, we do not address the claims of ordinary negligence.

### GROSS NEGLIGENCE

■ Giving the Flyes the benefit of the broadest possible construction of their petition, we find they assert that the following omissions by the City constituted gross negligence:

- failure to provide warning signs;
- failure to provide adequate warning signs;
- failure to correct prior incidents involving other children;
- failure to maintain the condition of the park;
- failure to maintain the equipment in the park; and
- failure to repair the equipment in the park.

The City, as the summary-judgment movant, undertook to conclusively negate at least one of the essential elements of the Flyes' cause of action for gross negligence. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995) (citing *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993)). The court granted summary judgment in favor of the City on all claims. Because the Statute applies, we ask whether a genuine issue of material fact exists about whether the City breached the limited duty it owed to Allen. TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(c)(2); *Nixon,* 690 S.W.2d at 548.

■ The City contends that this is a case involving premises liability and not a case of negligent activity. In *Keetch v. Kroger,* an invitee case, Keetch was injured when she slipped and fell on a wet floor in Kroger's store. The Texas Supreme Court noted that an employee had sprayed some plants "sometime prior to her 7:00 p.m. quitting time" and that Keetch fell at approximately 7:30 p.m. Noting that "there was no ongoing activity when Keetch was injured," the Court said, "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger,* 845 S.W.2d 262, 264 (Tex.1992).

In *Smither v. Texas Utilities Elec.,* a trespass case, Michael Smither drowned in a discharge canal operated by Texas Utilities ("TU"). His widow sued TU, alleging it was negligent and grossly negligent in failing to erect proper barriers, failing to

---

1. Their brief discusses the doctrine of attractive nuisance; however, we find no reference to such a claim in their pleadings.

warn of the danger, failing to provide a security guard, and failing to design the project in such a way as to eliminate the danger or to allow someone falling into the water a means of escape. There was evidence of "highly turbulent currents" at the location, prior drownings known to TU, fencing designed to but ineffective in keeping trespassers out (also known to TU), strongly worded warning signs posted by TU, and expert testimony about corrections that TU could have made. Nevertheless, the trial court granted a summary judgment denying all claims. On appeal, the El Paso Court of Appeals first observed: "It has long been the law in Texas that a landowner or premises occupier owes to a trespasser only the duty not to injure him willfully, wantonly, or through gross negligence." *Smither v. Texas Utilities Elec.*, 824 S.W.2d 693, 695 (Tex. App.—El Paso 1992, writ dism'd by agr.) (citing *Burton Construction & Shipbuilding Co. v. Broussard*, 154 Tex. 50, 273 S.W.2d 598, 603 (1954)). The court then stated:

> [A] premises occupier does not owe a trespasser the duty to warn of or make safe dangerous conditions known to it. It has only the duty to refrain from injuring the trespasser through willful, wanton or grossly negligent acts or omissions. *The acts or omissions in question refer to the activities or conduct of the occupier on the premises, not the conditions of the premises.* Trespassers entering land owned or occupied by another without permission and for their own purposes take the premises as they find them and the occupier owes them no duty to warn them of a dangerous condition or to make the premises safe.

*Id.* (emphasis added). The court then held that "Smither's drowning resulted not from any conduct of TU on the premises but from a dangerous condition" and add-

ed "there are no allegations (or evidence for that matter) that Smither's drowning resulted from the grossly negligent acts or omissions of TU in connection with any activities or conduct on such premises. Assuming Smither's trespasser status as a constant, *TU owed him no duty with respect to the dangerous condition of the premises.*" *Id.* at 696 (emphasis added).

Drawing primarily from these two cases, the City says that none of the Flyes' allegations of grossly negligent activity (omissions) occurred contemporaneously with Allen's injuries. Thus, under *Keetch* a recovery based on such omissions is not permitted because "recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch*, 845 S.W.2d at 264. Furthermore, the City says it owed no duty to Allen (limited by statute to that owed to a trespasser) regarding the condition of the property, and because (under *Keetch*) all of the alleged omissions assert only premises defects and not negligent activity, the summary judgment is proper against the Flyes' claims. *Smither*, 824 S.W.2d at 695.

■ The Flyes, however, point to subsection "d" of section 75.002 of the Statute as preserving their claims for gross negligence. Subsections "c" and "d" of the statute provide:

> (c) If an owner, lessee, or occupant of real property *other than agricultural land* gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:
>
> > (1) assure that the premises are safe for that purpose;
> >
> > (2) owe to the person to whom permission is granted a greater degree of

care than is owed to a trespasser on the premises; or

(3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

*(d) Subsections (a), (b), and (c) shall not limit the liability of an owner, lessee, or occupant of real property who has been grossly negligent or has acted with malicious intent or in bad faith.*

TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(c), (d) (italics added). They point to the fact that the term "acted" in subsection "d" relates only to malicious intent or bad faith and not to gross negligence.

The italicized part of subsection "c" and all of subsection "d" were added to the Statute in 1989. Prior to that the unitalicized words constituted all of section 75.002. The 1989 amendment also added subsections "a" and "b" of section 75.002, which refer to agricultural land. Thus, subsection "c" was conformed to refer to land other than agricultural. Subsection "d" was entirely new.

We have struggled to find the purpose of subsection "d" and to reconcile it with subsection "c." We have reviewed the scant legislative history available concerning House Bill 239 of the 71st Legislature's Regular Session, which contained these amendments.[2] Almost all of the bill analysis relates to the impact of and perceived need for the "agricultural lands" amendments. Thus, the legislative history provides no insight into the reason that subsection "d" was added to section 75.002.

Section 75.003(d) contains a provision that influences our decision. It states: "This chapter does not create any liabili-

ty." *Id.* § 75.003(d). Thus, subsection "d" of section 75.002 cannot, on its own, create liability where none would exist in its absence. Because of that, we believe subsection "d" of section 75.002 merely confirms that the liability-limiting provisions of section 75.002 do not limit liability that otherwise exists for contemporaneous acts of gross negligence or acts committed with malicious intent or bad faith. The Flyes did not plead malicious intent or bad faith; they pled only grossly negligent omissions that did not contemporaneously injure Allen (*i.e.* premises defects), for which they cannot recover.

**CONCLUSION**

Returning to the petition and reviewing the specific omissions alleged to have injured Allen, we find that none could have occurred contemporaneously with the incident involving the swing. Thus, because "recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity," the Flyes cannot recover for the negligent activity (omissions) they have pled. *Keetch,* 845 S.W.2d at 264. Because the Recreational Use Statute limits the duty owed to Allen to that owed to a trespasser, the City is correct when it says it owed him no duty to warn of a dangerous condition or to make the premises safe. TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(c); *Smither,* 824 S.W.2d at 695. Subsection "d" of section 75.002 does not enlarge the City's liability. TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(d). Thus, the Flyes cannot recover based on a condition of the property.

We summarize our analysis as follows:

---

**2.** See *Dillehey v. State,* 815 S.W.2d 623 (Tex. Crim.App.1991) (Appendix "A" contains helpful information on obtaining legislative histo-

ry). See also the Texas Legislative Reference Library's on-line information at *www. lrl.state.tx.us.*

- *Keetch* establishes that the alleged omissions which the Flyes say caused Allen's injuries allege only defects in the condition of the premises, not "negligent activity," because the injuries Allen sustained were not contemporaneous with the omissions;
- Thus, there are no allegations of grossly negligent activity in this case;
- Because of the Recreational Use Statute, we must classify Allen as a trespasser when we consider the duty owed to him after he entered the City's park to play;
- Thus, the City owed no duty to Allen regarding the condition of the premises;
- Section 75.002(d) does not change the rules set forth in *Keetch* and *Smither*, because Section 75.003(d) states that Chapter 75 does not create liability.

We conclude that the City has established its entitlement to summary judgment as a matter of law. *Nixon*, 690 S.W.2d at 548–49.