City of Galveston et al. v. Willie Garza et al
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-031-CV

     CITY OF GALVESTON, FLAGSHIP LTD. 
     AND FLAGSHIP HOTEL D/B/A FLAGSHIP 
     HOTEL OVER THE WATER (FLAGSHIP),
                                                                              Appellants
     v.

     WILLIE GARZA AND JOYLEEN GARZA, 
     INDIVIDUALLY AND AS SURVIVING 
     PARENTS OF KENNETH WAYNE GARZA
     AND AS REPRESENTATIVES OF THE ESTATE
     OF KENNETH WAYNE GARZA, 
     GEORGE C. FABAIN AND BARBARA JEAN FABAIN,
     INDIVIDUALLY AND AS SURVIVING PARENTS
OF DOREY ALICE FABAIN, AND AS REPRESENTATIVES
     OF THE ESTATE OF DOREY ALICE FABAIN,
                                                                              Appellees
 

From the 122nd District Court
Galveston County, Texas
Trial Court # 97CV0457
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Kenny Garza and Dorey Fabain went out in Galveston, Texas, to celebrate Kenny’s birthday. 
Kenny bought alcoholic beverages, and the two drove to the pier at the Flagship Hotel. As some
point in time, the car they were in backed off a notch in the pier and into the Gulf of Mexico. 
Two weeks later, Kenny’s body washed ashore. Police located the car in the Gulf near the notch
in the pier. Dorey’s body was still inside. The parents and estates of Kenny and Dorey sued the
City of Galveston, who owned the pier, and the Flagship Hotel, who operated the pier under a
lease from the City. The jury awarded 2.75 million dollars for Kenny’s survival damages, 3.75
million dollars for Dorey’s survival damages, and 1 million dollars each to the four parents. We
reverse and render a take nothing judgment.
      The City and Flagship contend there is no evidence to support the jury’s finding of gross
negligence. In reviewing legal insufficiency issues, we consider only the evidence and inferences
that, when viewed in the most favorable light, tend to support the finding, and disregard all
evidence and inferences to the contrary. Davis v. City of San Antonio, 752 S.W.2d 518, 522 (Tex.
1988). If there is any evidence of probative force to support the finding, the issue must be
overruled and the finding upheld. Juliett Fowler Homes, Inc. v. Welch Assoc., Inc., 793 S.W.2d
660, 666 (Tex. 1990). We are required to review the sufficiency of the evidence based upon the
charge submitted, even if erroneous. Osterberg v. Peca, 12 S.W.3d 31, 55 (Tex. 2000); see also
Wal-Mart v. Sturges, 52 S.W.3d 711, 730 (Tex. 2001) (O’Neil, J., concurring).
      The City and Flagship asserted the Recreational Use Statute


 as a limitation on the duty owed
to Kenny and Dorey, more specifically, as the standard by which “gross negligence” must be
determined and reviewed. The jury found that Kenny and Dorey were permitted to use the pier
for “recreation” at the time of the events in question. No one contests this finding on appeal.


 
We have previously addressed the issue of the duty owed by an owner or occupier of premises
under the Recreational Use Statute. Flye v. City of Waco, 50 S.W.3d 645 (Tex. App.—Waco
2001, no pet.). As recreational users of the premises at the time of the occurrence in question,
Kenny and Dorey were owed only the duty which is owed to a trespasser. Tex. Civ. Prac. &
Rem. Code Ann. § 75.002 (Vernon Supp. 2003).
      In Texas, a landowner or premises occupier owes to a trespasser only the duty not to injure
the trespasser willfully, wantonly, or through gross negligence. Texas Utils. Elec. Co. v.
Timmons, 947 S.W.2d 191, 193 (Tex. 1996); Flye, 50 S.W.3d at 648. A violation of this duty
requires a contemporaneous activity operating at the time of the injury, not a passive condition
existing on the premises. Flye, 50 S.W.3d at 649. “The acts or omissions in question refer to the
activities or conduct of the occupier on the premises, not the conditions of the premises.” Smither
v. Texas Utils. Elec. Co., 824 S.W.2d 693, 695 (Tex. App.—El Paso 1992, writ dism’d). 
Trespassers take the premises as they find them, and the occupier owes them no duty to warn them
of a dangerous condition or to make the premises safe. Id.; Flye, 50 S.W.3d at 648; see also City
of Lubbock v. Rule, 68 S.W.3d 853, 859 (Tex. App.—Amarillo 2002, no pet.).
      Thus, to prove gross negligence under this standard, the plaintiffs were obligated to produce
evidence that the City and Flagship injured Kenny and Dorey by some contemporaneous activity
or conduct. The plaintiffs argue only that the evidence presented showed the City and Flagship
did not properly construct or maintain the pier nor did they warn Kenny and Dorey of a condition
considered dangerous by the plaintiffs. But, there is no evidence in the record of gross negligence
by a contemporaneous activity or conduct of either the City or Flagship. The City’s and
Flagship’s issues based on this argument are sustained.
      Having found no evidence of gross negligence by the City or Flagship, the City and Flagship
are entitled to rendition of judgment in their favor. We reverse the judgment and render judgment
that Willie Garza and Joyleen Garza, individually and as surviving parents of Kenneth Wayne
Garza and as representatives of the estate of Kenneth Wayne Garza, George C. Fabain and Barbara
Jean Fabain, individually and as surviving parents of Dorey Alice Fabain and as representatives
of the estate of Dorey Alice Fabain take nothing.

                                                                   TOM GRAY
                                                                   Justice

Before Chief Justice Davis (not participating),
      Justice Vance, and
      Justice Gray
Reversed and rendered
Opinion delivered and filed August 20, 2003
[CV06]