Affirmed and Memorandum Opinion filed December 11, 2003















Affirmed and
Memorandum Opinion filed December 11, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00298-CV

_______________

 

LAVONDA GRAY,
INDIVIDUALLY AND AS SURVIVING PARENT OF LABRODERICK GRAY, Appellant

 

V.

 

THE CITY OF GALVESTON, THE COUNTY OF GALVESTON, AND THE PARK BOARD OF TRUSTEES OF THE CITY OF GALVESTON, Appellees

_______________________________________________________________________

 

On Appeal from
the 56th District Court

Galveston County, Texas

Trial Court
Cause No. 01CV1031

_______________________________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant Lavonda
Gray, individually and as the surviving parent of Labroderick
Gray (“Gray”), appeals the dismissal of her wrongful death suit against appellees, the City and County of Galveston, and the
City’s Park Board of Trustees.  In one
issue, Gray contends the trial court erred by granting appellees’
pleas to the jurisdiction.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

Background

            On July 9, 2000, appellant’s
nine-year-old son, Labroderick Gray, was swimming
with two other boys in water off the east end of the Galveston Seawall.  All three boys began to drown.  Labroderick’s uncle
was able to save the other two boys, but not Labroderick.  Gray sued appellees
as owners of the property, claiming they were negligent.  Appellees filed
pleas to the jurisdiction based on their sovereign immunity from suit.  Initially, the trial court refused to rule on
the pleas to the jurisdiction, and granted appellant a continuance so that she
could conduct discovery.  In an original
mandamus proceeding, this court held the trial court abused its discretion by
not ruling on the pleas to the jurisdiction. 
City of Galveston v. Gray, 93
S.W.3d 587 (Tex. App.—Houston
[14th Dist.] 2002, pet. denied).  The trial
court then granted the pleas to the jurisdiction and dismissed appellant’s
suit.  On appeal, Gray claims the trial
court erred in granting appellees’ pleas to the
jurisdiction because their immunity is waived under the Texas Tort Claims
Act.      

Discussion

            Sovereign immunity from suit defeats
a trial court’s subject matter jurisdiction. 
Tex. Dept’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.
1999).  Generally, cities and counties
enjoy sovereign immunity unless that immunity has been waived.  County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex.
2002).  In order to invoke the subject
matter jurisdiction of the trial court, the party suing the governmental entity
must establish that immunity has been waived by the entity’s consent.  Jones, 8 S.W.3d at 639. We review the trial
court’s determination of subject matter jurisdiction de novo.  Mayhew
v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex.
1998).  

            The Texas legislature granted a
limited waiver of immunity from suit under the Texas Tort Claims Act which
provides that a governmental unit is liable for injury or death caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable under Texas law.[1]  Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon
1997).  Therefore, we consider whether
appellant has alleged facts under which appellees
could be liable if they were private persons. 
See Flye
v. City of Waco, 50 S.W.3d
645, 648 (Tex. App.—Waco 2001, no
pet.).  

            Under the Texas Recreational Use
Statute, if a landowner gives permission to another to enter the land for
recreation, the landowner only owes the degree of care owed to a
trespasser.  Id. at §
75.002(c)(2).  This duty is to refrain
from causing injury through willful, wanton, or grossly negligent conduct.  See City of Bellmead v. Torres, 89 S.W.3d
611, 613 (Tex.
2002).  This duty does not encompass
injury arising from a condition of realty, but only injury arising from some
affirmative activity or conduct of the defendant.  City of
Lubbock v. Rule, 68 S.W.3d 853, 859 (Tex.
App.—Amarillo 2002, no pet.). 
Therefore, a property owner has no duty to warn a trespasser of a
dangerous condition or to make the premises safe.  Flye, 50 S.W.3d at 648. 

            Because Labroderick
entered the premises for a recreational activity (swimming), appellees only owed him the duty owed to a trespasser.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 75.001(3)(C) (Vernon Supp.
2004); Torres, 89 S.W.3d at 613.  Therefore, in order for this case to come
within the scope of the Tort Claims Act, appellant must have alleged facts that
illustrate the injury arose from the willful, wanton, or grossly negligent
conduct of appellees. 
Rule, 68 S.W.3d at 859.  In her pleadings, Gray claims appellees were grossly negligent by (1) allowing access to
the premises; (2) failing to provide any/adequate warning signs; (3) failing to
provide trained security guards; (4) failing to make corrections after prior
incidents involving other children and adults; and (5) failing to impose a ban
on swimming in the area.  However, these
allegations are not based on any affirmative conduct of appellees
that led to Labroderick’s drowning, they are based on
appellees’ failure to act.  See Flye, 50 S.W.3d at 648 (holding claims almost identical
to appellant’s did not constitute allegations of grossly negligent activity).  Because there is no duty owed to trespassers
to warn about the condition of premises, or to make the premises safe, appellees had no duty regarding the condition of the
premises.  See id.  Appellant has failed to demonstrate that
immunity has been waived because she has not alleged facts under which appellees could be held liable were they private
persons.  See id.  The trial court did
not err in granting appellee’s plea to the
jurisdiction.  Accordingly appellant’s
issue is overruled.[2]  

            Appellant also requests an
opportunity to amend her pleadings.  We
recognize that an opportunity to amend pleadings is usually given to a plaintiff
in the trial court before a case is dismissed for lack of jurisdiction.  Tex. Ass’n of Bus. v. Tex. Air Control Bd, 852
S.W.2d 440, 446 (Tex.
1993).  However, appellant did not
request an opportunity to amend in the trial court, so she has waived any
complaint that she has been denied this opportunity.  Tex.
R. App. P. 33.1(a); Dahl v. State,
92 S.W.3d 856, 862 n.6 (Tex. App.—Houston [14th
Dist.] 2002, no pet.). 

            Appellant also claims she was denied
the opportunity to conduct discovery before the trial court ruled on appellees’ pleas to the jurisdiction.  This court held in appellees’
original mandamus proceeding that the trial court abused its discretion in
refusing to rule on appellees’ pleas to the
jurisdiction and permitting appellant to conduct further discovery.  Gray,
93 S.W.3d at 592.  Because we have
already ruled on this claim, our previous ruling is the law of the case, and
governs this issue.  See Hudson v. Wakefield, 711
S.W.2d 628, 630 (Tex. 1986).

            Having overruled appellant’s issue
and denied her other claims for relief, we affirm the judgment of the trial
court.

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed December 11, 2003.

Panel
consists of Justices Anderson, Seymore and Guzman.

 

 











            [1]  Appellees ask us to
take judicial notice that Labroderick drowned in the Gulf of
 Mexico and therefore, hold appellees
are not liable because the State of Texas owns the Gulf of
 Mexico.  However, the
record is not clear as to exactly where the drowning occurred.  Therefore, this is not an appropriate fact
for us to judicially notice.  Tex. R. Evid. 201(b).     





            [2]  Appellants also claim their pleas to the jurisdiction
were properly granted because (1) they do not owe a general duty to provide
public safety; (2) the death was not caused by appellants’ “use” of property as
required by the Texas Tort Claims Act; and (3) the Texas Tort Claims Act does
not waive immunity for discretionary functions. 
We affirm based on appellants’ claim that they owed no duty under the
Texas Recreational Use Act, and, therefore, do not address appellants’
remaining claims.