The CITY OF JEFFERSON, Texas, Appellant,

v.

Leronda VALLERY, Appellee.

No. 06–04–00106–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 15, 2005.

Decided March 16, 2005.

Gary Shaver, Boon, Shaver, Echols & Coleman, PLLC, Longview, for Appellant.

Bruce A. Craig, The Carlile Law Firm, LLP, Marshall, for Appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

We withdraw our opinion of February 11, 2005, and substitute the following in its place. Leronda Vallery fell as she was walking on a small ramp leading into the City of Jefferson's police department. She had traversed the ramp about once a month for as long as four years when she went to visit her mother, an employee of the police department. Vallery suffered injuries and brought suit against the City. Vallery's suit was in the nature of a premises liability claim.

■ The City brought a plea to the trial court's jurisdiction asserting that, under the rules of governmental immunity,[1] it

---

1. Texas courts often use the terms "sovereign immunity" and "governmental immunity" interchangeably. As the Texas Supreme Court has noted, "sovereign immunity" refers to the State's immunity from suit and liability, while "governmental immunity" protects political subdivisions of the State, which include counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003). Although the City couches its argument in terms of "sovereign

could not be held liable for Vallery's injuries. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021–.029 (Vernon 1997 & Supp. 2004–2005). In the same motion, the City moved for summary judgment, but subsequently abandoned that motion and asked the trial court to proceed solely on the plea to the jurisdiction. The trial court denied the City's plea to the jurisdiction. The City now appeals and argues there was no subject-matter jurisdiction.

## Vallery's Claim and the Standard of Review

In reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in favor of the nonmovant and look to the nonmovant's intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We are not required to look solely to the pleadings when deciding a plea to the jurisdiction; we may consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000). Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Mayhew v.*

*Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). Whether a pleader has alleged facts which affirmatively demonstrate a trial court's subject-matter jurisdiction is a question of law reviewed de novo. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). Therefore, we will review the trial court's order de novo.

In Vallery's second amended petition,[2] she alleged the City's immunity was waived and the City was liable under Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021(2) and 101.0215(a)(3), (16), (25), and (28).[3]

Vallery alleges that her action is brought pursuant to a waiver of governmental immunity. The Texas Civil Practice and Remedies Code provides in pertinent part that a governmental entity is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2).[4] Vallery specifically alleged that

---

immunity," we will refer to the City's claimed immunity as governmental.

2. Vallery eventually filed a third amended petition and attached to it a reporter's record of the hearing held October 25, 2004, in this matter. The City's notice of appeal was filed September 28, 2004, and the trial court's ruling, from which the City appeals, was entered September 8, 2004. Our review is limited to the appellate record. *See Pinnacle Data Servs., Inc. v. Gillen*, 104 S.W.3d 188, 193 n. 3 (Tex.App.-Texarkana 2003, no pet.).

3. Texas Civil Practice and Remedies Code Section 101.0215(a)(3), (16), (25), and (28) holds municipalities liable for damages arising from governmental functions involving street construction and design; civic centers', civic centers',

convention centers', or coliseums' parking facilities; and building codes and inspections, respectively.

4. Section 101.021 reads, in full:
A governmental unit in the state is liable for:
(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
(B) the employee would be personally liable to the claimant according to Texas law; and
(2) personal injury and death so caused by a condition or use of tangible personal or real

she was injured by a condition of real property which would render a private citizen liable to her for her injuries were they to have occurred on private property, and as a consequence thereof, the City of Jefferson, Texas has waived its sovereign immunity and consented to suit under the Texas Tort Claims Act....

■ A court deciding a plea to the jurisdiction is not meant to decide the merits of the case in resolving the jurisdictional question, but is required to make inquiry into the substance of the claims presented to determine subject-matter jurisdiction. *Blue,* 34 S.W.3d at 554–55. Whether a determination of subject-matter jurisdiction can be made at a preliminary hearing or should await a fuller development of the merits of the case is left to the trial court's discretion. *Id.* at 554;[5] *see also Miranda,* 133 S.W.3d at 227 (citing *Blue,* 34 S.W.3d at 554) ("When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable.").

## Analysis

■ The petition alleges the City owed Vallery "the duty owed to a licensee on private property, which is the duty not to injure the licensee through willful, wanton, or grossly negligent conduct." The pleadings include allegations that the City designed and constructed a sidewalk hand-

icap access in an unsafe manner by reason of an excessive slope, violating the Americans with Disabilities Act, willfully approved such construction in violation of its own building code, willfully failed to maintain the ramp by installation of hand rails, hand holds, and edge marking, all of which were known by agents of the City. The City may be held liable only if it has violated a duty owed to a licensee. *See* TEX. CIV. PRAC. & REM.CODE ANN. art. 101.022. The allegations in Vallery's pleadings assert that the City was grossly negligent. This pleading and proof are based on the general standard involved for a licensee to recover from a licensor. *See State v. Tennison,* 509 S.W.2d 560 (Tex. 1974). If a plaintiff is on the premises merely as a licensee, the only duty the landowner owes is to refrain from injuring him or her willfully, wantonly, or through the use of gross negligence. An exception to the general rule is that, when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or make the condition reasonably safe. *Id.* at 562. Vallery does not plead or rely on the exception to the general rule to claim the City owes her the duty of ordinary care. Therefore, the duty the City owes to Vallery is the same duty as a landowner owes to a trespasser—not to injure her willfully, wantonly, or through the use of gross negligence.

■ On original submission, the City argued the trial court had no subject-matter jurisdiction over this claim because Vallery had not pled that a contemporane-

---

property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

5. *See also Friends of Canyon Lake, Inc. v. Guadalupe–Blanco River Auth.,* 96 S.W.3d 519, 525 (Tex.App.-Austin 2002, pet. denied)

(trial court has discretion, at a preliminary hearing at which it considered evidence furnished by parties, to decide that it lacked subject-matter jurisdiction because plaintiff had not exhausted its administrative remedies).

ous negligent activity caused the injury. We agree that no such activity was pled. On rehearing, the City, for the first time, supports this contention with several courts of appeals' opinions. *See City of Fort Worth v. Crockett*, 142 S.W.3d 550 (Tex.App.-Fort Worth 2004, pet. denied); *City of Lubbock v. Rule*, 68 S.W.3d 853 (Tex.App.-Amarillo 2002, no pet.); *Flye v. City of Waco*, 50 S.W.3d 645 (Tex.App.-Waco 2001, no pet.). The City argues these cases hold that grossly negligent conduct may not be found against a landowner based solely on a premises condition. To prove gross negligence, the trespasser must prove that he or she was injured due to a dangerous activity conducted on the premises by the landowner.

In *Flye*, a child was hit by a swing at a city park. The allegations were that the swing did not have a protective bumper, the city failed to provide warnings, failed to maintain and repair the equipment, and the city was guilty of negligence and gross negligence. As this was a case involving the recreational use statute, the city only owed the duty as to a trespasser. The Waco court held that the city owed the child no duty to warn of a dangerous condition or to make the premises safe since it only owed the duty as to a trespasser. *Flye*, 50 S.W.3d at 650. The court also found that no contemporaneous negligent activity was pled; therefore, summary judgment was proper.

In *Rule*, a small child suffered burns when she attempted to climb on a slide in a city park. It was alleged that the protective coating on the slide had deteriorated, creating an unreasonably dangerous condition of which the city had actual knowledge. *Rule*, 68 S.W.3d at 858. Once again, the court found the recreational statute required the city only to refrain from injuring the visitor through willful, wanton, or grossly negligent conduct. *Id.*

at 859 (citing *Tex. Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex.1997)). The Amarillo court attached great significance to the word "conduct" and emphasized that a duty does not encompass injury arising from the condition of realty, but only injury arising from the activity or conduct of the occupier. *Id.* (citing *Flye*, 50 S.W.3d at 648). Since the pleadings sought redress for injuries caused by the condition of the slide and not any conduct of a contemporaneous negligent activity, the plaintiff was owed no duty with regard to the condition of the playground.

In *Crockett*, another recreational use case, the plaintiff was injured on a bicycle path of a city park. The plaintiff alleged he encountered a five-inch ledge under the city's construction without warnings, barriers, flags, etc. The court found that the city had no duty to warn the plaintiff of a dangerous condition on the premises. *Crockett*, 142 S.W.3d at 553.

In response, Vallery cites the opinion of the Austin Court of Appeals in *State ex rel. Tex. Dep't of Parks & Wildlife v. Shumake*, 131 S.W.3d 66 (Tex.App.-Austin 2003, pet. granted). In *Shumake*, a child drowned in a manmade culvert while swimming in the Blanco River. The Austin court agreed that the Parks Department only owed the duty owed to a trespasser, but disagreed with the analysis in *Rule*. The Austin court reviewed the RESTATEMENT (SECOND) OF TORTS §§ 333, 335, 337 (1965) concerning the duty owed to trespassers and found that the Restatement provisions characterized differently the duties owed when those duties involved "naked trespassers" and "known trespassers." To the naked trespasser, the landowner, who knows nothing of the trespasser's entry, owes no duty to keep the premises safe for strangers who come uninvited onto the owner's property. *Shumake*, 131 S.W.3d at 77. However, Sec-

tion 335 of the Second Restatement of Torts recognizes a different standard when the landowner knows of the trespasser's likely presence. In that event, the landowner is held to a slightly higher standard of care. The court then reviewed the definition of "gross negligence" provided by the Texas Supreme Court and found that the principles underlying the Texas Supreme Court's definition of gross negligence echo the Restatement's definition of trespasser duties owed to "known" or "constant" trespassers. *Id.* at 78. The court disagreed with the Amarillo court's holding that gross negligence cannot be found due solely to a premises condition and concluded that *Rule's* distinction between "conduct" and "condition" was unwarranted. The Austin court concluded that a failure to remove or warn of an artificially created condition of which the landowner is actually aware that is seriously dangerous and located in the vicinity of known trespassers may constitute gross negligence. *Id.* at 80.[6] On rehearing, the Austin court opined that in *Miranda,* the Texas Supreme Court had essentially overruled the holding in *Rule* that gross negligence could only occur by a landowner's conduct that "contemporaneously" caused the injury. *Shumake,* 131 S.W.3d at 83 (supplemented op.).

Although we believe the *Shumake* opinion is persuasive, the application of its reasoning does not benefit Vallery due to a decided difference in the factual allegations and proof.

One key to the Restatement's imposition of a landowner's duty to a "known" or "constant" trespasser is that the artificial condition placed on the land "is of such a

nature that he has reason to believe that such trespassers will not discover it." RE-STATEMENT (SECOND) OF TORTS § 335(a)(iii). In this case, it is admitted and undisputed that Vallery visited her mother, who worked at the City of Jefferson police department building, approximately once a month for four years. She had seen this particular ramp during her visits, and no obstruction impeded her vision of the ramp. She knew there was a "drop-off" on the side of the ramp and agreed that the condition of the ramp was open and obvious. Even if it could be argued that the City created an artificial condition (ramp) that was likely to lead to serious bodily harm, the undisputed facts in this record demonstrate that the condition of the ramp was not of such a nature that the landowner had reason to believe users would not discover it. Clearly, this is different from the facts in *Shumake,* where a child who was "tubing" and swimming with her family in a river at a state park was sucked underwater by a powerful undertow and trapped in a manmade culvert that diverted the river water under a road.

Without this element (that the landowner had reason to believe that trespassers would not discover the dangerous artificially created condition), the conduct of the City does not give rise to a duty to Vallery and cannot serve as the gross negligence that she must allege and prove. Unlike the plaintiffs in *Shumake,* the undisputed facts here negate a finding of gross negligence. The alleged defective condition here is a readily observable ramp used daily by persons entering the City of Jefferson police department building. Val-

---

**6.** The Austin court specifically did not address the other sections of the Restatement dealing with known trespassers because they were not relevant. *See Shumake,* 131 S.W.3d at 80 n. 8. Presumably one of the "other sections" not addressed in *Shumake* is that pertaining to

the owner's reason to believe that the trespasser would not discover the dangerous artificial condition. *See* RESTATEMENT (SECOND) OF TORTS §§ 335(a)(iii), 337(b). That section is highly relevant in this case.

lery had actual knowledge of the ramp and its condition. Consequently, Vallery has not presented a cause of action based on a condition or use of the premises for which Texas law would hold a private person liable. Therefore, the City has not waived its sovereign immunity claims and the trial court erred by denying the City's plea to the jurisdiction. The motion for rehearing is granted. We sustain the City's point, vacate the trial court's order, and dismiss the case.