In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00106-CV
______________________________


THE CITY OF JEFFERSON, TEXAS, Appellant
Â 
V.
Â 
LERONDA VALLERY, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 115th Judicial District Court
Marion County, Texas
Trial Court No. 0400017


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â We withdraw our opinion of February 11, 2005, and substitute the following in its place.
Leronda Vallery fell as she was walking on a small ramp leading into the City of Jefferson's police
department. She had traversed the ramp about once a month for as long as four years when she went
to visit her mother, an employee of the police department. Vallery suffered injuries and brought suit
against the City. Vallery's suit was in the nature of a premises liability claim. 
Â Â Â Â Â Â Â Â Â Â Â Â The City brought a plea to the trial court's jurisdiction asserting that, under the rules of
governmental immunity,


 it could not be held liable for Vallery's injuries. See Tex. Civ. Prac. &
Rem. Code Ann. Â§Â§ 101.021â.029 (Vernon 1997 & Supp. 2004â2005). In the same motion, the
City moved for summary judgment, but subsequently abandoned that motion and asked the trial court
to proceed solely on the plea to the jurisdiction. The trial court denied the City's plea to the
jurisdiction. The City now appeals and argues there was no subject-matter jurisdiction.
Vallery's Claim and the Standard of Review
Â Â Â Â Â Â Â Â Â Â Â Â In reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in
favor of the nonmovant and look to the nonmovant's intent. Tex. Ass'n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993). We are not required to look solely to the pleadings when
deciding a plea to the jurisdiction; we may consider evidence relevant to jurisdiction when it is
necessary to resolve the jurisdictional issue raised. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
555 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law subject
to de novo review. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002); Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Whether a pleader has
alleged facts which affirmatively demonstrate a trial court's subject-matter jurisdiction is a question
of law reviewed de novo. Likewise, whether undisputed evidence of jurisdictional facts establishes
a trial court's jurisdiction is also a question of law. Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 225â26 (Tex. 2004). Therefore, we will review the trial court's order de novo. 
Â Â Â Â Â Â Â Â Â Â Â Â In Vallery's second amended petition,


 she alleged the City's immunity was waived and the
City was liable under Tex. Civ. Prac. & Rem. Code Ann. Â§Â§ 101.021(2) and 101.0215(a)(3), (16),
(25), and (28).



Â Â Â Â Â Â Â Â Â Â Â Â Vallery alleges that her action is brought pursuant to a waiver of governmental immunity. 
The Texas Civil Practice and Remedies Code provides in pertinent part that a governmental entity
is liable for "personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the claimant according
to Texas law." Tex. Civ. Prac. & Rem. Code Ann. Â§ 101.021(2).


 Vallery specifically alleged that
she was injured by a condition of real property which would render a private citizen
liable to her for her injuries were they to have occurred on private property, and as
a consequence thereof, the City of Jefferson, Texas has waived its sovereign
immunity and consented to suit under the Texas Tort Claims Act . . . .

Â Â Â Â Â Â Â Â Â Â Â Â A court deciding a plea to the jurisdiction is not meant to decide the merits of the case in
resolving the jurisdictional question, but is required to make inquiry into the substance of the claims
presented to determine subject-matter jurisdiction. Blue, 34 S.W.3d at 554â55. Whether a
determination of subject-matter jurisdiction can be made at a preliminary hearing or should await
a fuller development of the merits of the case is left to the trial court's discretion. Id. at 554;


 see
also Miranda, 133 S.W.3d at 227 (citing Blue, 34 S.W.3d at 554) ("When the consideration of a trial
court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its
discretion in deciding whether the jurisdictional determination should be made at a preliminary
hearing or await a fuller development of the case, mindful that this determination must be made as
soon as practicable.").
Analysis
Â Â Â Â Â Â Â Â Â Â Â Â The petition alleges the City owed Vallery "the duty owed to a licensee on private property,
which is the duty not to injure the licensee through willful, wanton, or grossly negligent conduct." 
The pleadings include allegations that the City designed and constructed a sidewalk handicap access
in an unsafe manner by reason of an excessive slope, violating the Americans with Disabilities Act,
willfully approved such construction in violation of its own building code, willfully failed to
maintain the ramp by installation of hand rails, hand holds, and edge marking, all of which were
known by agents of the City. The City may be held liable only if it has violated a duty owed to a
licensee. See Tex. Civ. Prac. & Rem. Code Ann. art. 101.022. The allegations in Vallery's
pleadings assert that the City was grossly negligent. This pleading and proof are based on the
general standard involved for a licensee to recover from a licensor. See State v. Tennison, 509
S.W.2d 560 (Tex. 1974). If a plaintiff is on the premises merely as a licensee, the only duty the
landowner owes is to refrain from injuring him or her willfully, wantonly, or through the use of gross
negligence. An exception to the general rule is that, when the licensor has knowledge of a dangerous
condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the
licensee or make the condition reasonably safe. Id. at 562. Vallery does not plead or rely on the
exception to the general rule to claim the City owes her the duty of ordinary care. Therefore, the
duty the City owes to Vallery is the same duty as a landowner owes to a trespasserânot to injure her
willfully, wantonly, or through the use of gross negligence. 
Â Â Â Â Â Â Â Â Â Â Â Â On original submission, the City argued the trial court had no subject-matter jurisdiction over
this claim because Vallery had not pled that a contemporaneous negligent activity caused the injury. 
We agree that no such activity was pled. On rehearing, the City, for the first time, supports this
contention with several courts of appeals' opinions. See City of Fort Worth v. Crockett, 142 S.W.3d
550 (Tex. App.âFort Worth 2004, pet. denied); City of Lubbock v. Rule, 68 S.W.3d 853 (Tex.
App.âAmarillo 2002, no pet.); Flye v. City of Waco, 50 S.W.3d 645 (Tex. App.âWaco 2001, no
pet.). The City argues these cases hold that grossly negligent conduct may not be found against a
landowner based solely on a premises condition. To prove gross negligence, the trespasser must
prove that he or she was injured due to a dangerous activity conducted on the premises by the
landowner. 
Â Â Â Â Â Â Â Â Â Â Â Â In Flye, a child was hit by a swing at a city park. The allegations were that the swing did not
have a protective bumper, the city failed to provide warnings, failed to maintain and repair the 
equipment, and the city was guilty of negligence and gross negligence. As this was a case involving
the recreational use statute, the city only owed the duty as to a trespasser. The Waco court held that
the city owed the child no duty to warn of a dangerous condition or to make the premises safe since
it only owed the duty as to a trespasser. Flye, 50 S.W.3d at 650. The court also found that no
contemporaneous negligent activity was pled; therefore, summary judgment was proper. 
Â Â Â Â Â Â Â Â Â Â Â Â In Rule, a small child suffered burns when she attempted to climb on a slide in a city park. 
It was alleged that the protective coating on the slide had deteriorated, creating an unreasonably
dangerous condition of which the city had actual knowledge. Rule, 68 S.W.3d at 858. Once again,
the court found the recreational statute required the city only to refrain from injuring the visitor
through willful, wanton, or grossly negligent conduct. Id. at 859 (citing Tex. Utils. Elec. Co. v.
Timmons, 947 S.W.2d 191, 193 (Tex. 1997). The Amarillo court attached great significance to the
word "conduct" and emphasized that a duty does not encompass injury arising from the condition
of realty, but only injury arising from the activity or conduct of the occupier. Id. (citing Flye, 50
S.W.3d at 648). Since the pleadings sought redress for injuries caused by the condition of the slide
and not any conduct of a contemporaneous negligent activity, the plaintiff was owed no duty with
regard to the condition of the playground. 
Â Â Â Â Â Â Â Â Â Â Â Â In Crockett, another recreational use case, the plaintiff was injured on a bicycle path of a city
park. The plaintiff alleged he encountered a five-inch ledge under the city's construction without
warnings, barriers, flags, etc. The court found that the city had no duty to warn the plaintiff of a
dangerous condition on the premises. Crockett, 142 S.W.3d at 553.
Â Â Â Â Â Â Â Â Â Â Â Â In response, Vallery cites the opinion of the Austin Court of Appeals in State ex rel. Tex.
Dep't of Parks & Wildlife v. Shumake, 131 S.W.3d 66 (Tex. App.âAustin 2003, pet. granted). In
Shumake, a child drowned in a manmade culvert while swimming in the Blanco River. The Austin
court agreed that the Parks Department only owed the duty owed to a trespasser, but disagreed with
the analysis in Rule. The Austin court reviewed the Restatement (Second) of Torts Â§Â§ 333, 335,
337 (1965) concerning the duty owed to trespassers and found that the Restatement provisions
characterized differently the duties owed when those duties involved "naked trespassers" and "known
trespassers." To the naked trespasser, the landowner, who knows nothing of the trespasser's entry,
owes no duty to keep the premises safe for strangers who come uninvited onto the owner's property. 
Shumake, 131 S.W.3d at 77. However, Section 335 of the Second Restatement of Torts recognizes
a different standard when the landowner knows of the trespasser's likely presence. In that event, the
landowner is held to a slightly higher standard of care. The court then reviewed the definition of
"gross negligence" provided by the Texas Supreme Court and found that the principles underlying
the Texas Supreme Court's definition of gross negligence echo the Restatement's definition of
trespasser duties owed to "known" or "constant" trespassers. Id. at 78. The court disagreed with the
Amarillo court's holding that gross negligence cannot be found due solely to a premises condition
and concluded that Rule's distinction between "conduct" and "condition" was unwarranted. The
Austin court concluded that a failure to remove or warn of an artificially created condition of which
the landowner is actually aware that is seriously dangerous and located in the vicinity of known
trespassers may constitute gross negligence. Id. at 80.


 On rehearing, the Austin court opined that
in Miranda, the Texas Supreme Court had essentially overruled the holding in Rule that gross
negligence could only occur by a landowner's conduct that "contemporaneously" caused the injury. 
Shumake, 131 S.W.3d at 83 (supplemented op.).
Â Â Â Â Â Â Â Â Â Â Â Â Although we believe the Shumake opinion is persuasive, the application of its reasoning does
not benefit Vallery due to a decided difference in the factual allegations and proof. 
Â Â Â Â Â Â Â Â Â Â Â Â One key to the Restatement's imposition of a landowner's duty to a "known" or "constant"
trespasser is that the artificial condition placed on the land "is of such a nature that he has reason to
believe that such trespassers will not discover it." Restatement (Second) of Torts Â§ 335(a)(iii). 
In this case, it is admitted and undisputed that Vallery visited her mother, who worked at the City
of Jefferson police department building, approximately once a month for four years. She had seen
this particular ramp during her visits, and no obstruction impeded her vision of the ramp. She knew
there was a "drop-off" on the side of the ramp and agreed that the condition of the ramp was open
and obvious. Even if it could be argued that the City created an artificial condition (ramp) that was
likely to lead to serious bodily harm, the undisputed facts in this record demonstrate that the
condition of the ramp was not of such a nature that the landowner had reason to believe users would
not discover it. Clearly, this is different from the facts in Shumake, where a child who was "tubing"
and swimming with her family in a river at a state park was sucked underwater by a powerful
undertow and trapped in a manmade culvert that diverted the river water under a road. 
Â Â Â Â Â Â Â Â Â Â Â Â Without this element (that the landowner had reason to believe that trespassers would not
discover the dangerous artificially created condition), the conduct of the City does not give rise to
a duty to Vallery and cannot serve as the gross negligence that she must allege and prove. Unlike
the plaintiffs in Shumake, the undisputed facts here negate a finding of gross negligence. The alleged
defective condition here is a readily observable ramp used daily by persons entering the City of
Jefferson police department building. Vallery had actual knowledge of the ramp and its condition. 
Consequently, Vallery has not presented a cause of action based on a condition or use of the
premises for which Texas law would hold a private person liable. Therefore, the City has not waived
its sovereign immunity claims and the trial court erred by denying the City's plea to the jurisdiction. 
The motion for rehearing is granted. We sustain the City's point, vacate the trial court's order, and
dismiss the case.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â March 15, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 16, 2005





-count:1'>   Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00093-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DAVID LEE WILSON,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the Sixth
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Lamar County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 23660

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  David Lee
Wilson has filed a notice of appeal from his conviction of aggravated sexual
assault of a child.Â  On our review of the
clerkÂs record, we noted that the trial courtÂs certification of right of
appeal stated that this was a plea agreement case and that Wilson has no right
of appeal.Â  

Â Â Â Â Â Â Â Â Â Â Â  Unless a
certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal.Â 
See Tex. R. App. P.
25.2(d).Â  

Â Â Â Â Â Â Â Â Â Â Â  Because the
trial courtÂs certification affirmatively shows Wilson has no right of appeal,
and because the record before us does not reflect that the certification is
incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim.
App. 2005), we must dismiss the appeal.

Â Â Â Â Â Â Â Â Â Â Â  We
dismiss the appeal for want of jurisdiction.Â 


Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  June
15, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  June
16, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â 

Â