NO. 07-01-00248-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 28, 2002
_____

THE CITY OF LUBBOCK,

Appellant

v.

RUEDE DON RULE and DEBORAH ANN RULE, individually
and as next friend of G.R.,

Appellees
_____

FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-510,019; HON. MACKEY HANCOCK, PRESIDING
_____

Before Boyd, C.J., Quinn, and Reavis, J.J.

In this interlocutory proceeding, the City of Lubbock appeals from an order denying its motion to dismiss for want of jurisdiction. The two issues before us involve whether the trial court erred in denying the motion and in refusing to receive live evidence proffered by the city at the hearing on the motion. For the reasons which follow, we reverse.

### Background

Ruede Don and Deborah Rule sued the City to recompense damages allegedly suffered by their 20 month old daughter, G.R. The child purportedly suffered burns to her

hands while attempting to climb upon a slide. The slide was located in a park or playground owned and operated by the City. Upon being served with suit, the City joined issue and urged that it was immune from suit, among other things. It also moved to dismiss the suit for want of jurisdiction. Accompanying the motion was another motion through which it sought summary judgment. Though the record does not reflect that the trial court acted upon the latter motion, it does illustrate that the court denied the former. And, it is from the order denying the motion to dismiss that the city appeals.

### *Issue One – Sovereign Immunity and Jurisdiction*

The city initially contends that the trial court erred in overruling its motion to dismiss. This is allegedly so because the Rules failed to illustrate that they had a viable premises defect claim and failed to plead a cause of action within the scope of the Texas Tort Claims Act.[1] We sustain the point.

*Authority*

Whether a trial court has subject matter jurisdiction is a question of law subject to *de novo* review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *City of Lubbock v. Land*, 33 S.W.3d 357, 358 (Tex. App.--Amarillo 2000, no pet.). Furthermore, the obligation to establish the existence of such jurisdiction lies with the party invoking the trial court's authority, normally the plaintiff. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d

---

[1]We note that in alleging this issue on appeal, the City included grounds that went unmentioned below. Indeed, it is those arguments unmentioned below which we find determinative on appeal. Normally, such a circumstance would result in waiver for a trial court usually must be afforded first opportunity to consider them. *See* TEX. R. APP. P. 33.1. However, because the issue is one of jurisdiction and cannot be waived, we are obligated to consider the new contentions to assess whether they illustrate the absence of jurisdiction.

2

440, 446 (Tex. 1993). It is his duty to allege facts affirmatively illustrating the presence of jurisdiction. *Id.*[2] Yet, if no one questions jurisdiction and unless it is clear from the pleadings that the court lacks same, jurisdiction must be presumed.[3] *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989). On the other hand, if the complainant's pleading is attacked and the jurisdictional allegations found wanting, the trial court must grant the complainant reasonable opportunity to correct the deficiency through amendment. *Id.* at 805; *see Texas Ass'n Bus. v. Air Control Bd*, 852 S.W.2d at 805 (recognizing that opportunity to amend is normally afforded the complainant). Only after affording that opportunity and the complainant fails to assert a claim within the trial court's jurisdiction may it dismiss the suit. *Id.*

Next, it is beyond dispute that municipalities enjoy aspects of sovereign immunity. This immunity insulates them from suit and effectively deprives a trial court of jurisdiction to entertain the cause. *See Texas Dept. Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (describing how immunity from suit, such as that bestowed by sovereign immunity, vitiates the trial court's jurisdiction). Moreover, the claim of immunity may be presented via a motion to dismiss for want of jurisdiction or a plea to the jurisdiction of the trial court. *Id.* To survive such a motion or plea, it is incumbent upon the complainant to illustrate that the immunity was somehow waived by statute or express legislative grant. *Id.* One way to do

---

[2]Finally, in considering the jurisdictional allegations contained in a petition, they are to be construed liberally. *City of Lubbock v. Land*, 33 S.W.3d 361, 367 (Tex. App.--Amarillo, no pet.). So too are they to be read in a manner favoring the litigant pleading them. *Texas Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Lubbock v. Land*, 33 S.W.3d at 358.

[3]This presumption does not relieve the complainant from proving jurisdiction at trial. He must still do so. *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989)(stating that "[i]n the absence of special exceptions or other motion, defendant waives the right to complain of such defect if plaintiff establishes . . . jurisdiction before resting its case.").

that is via the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. §101.001 *et. seq* (Vernon Supp. 2001).

Through the Tort Claims Act, our legislature declared that a governmental entity (including municipalities) could be held liable for 1) damage, injury or death arising from the negligent operation or use of a motor-driven vehicle or motor-driven equipment and 2) damage, injury, or death caused by a condition or use of tangible personalty or realty "if the governmental unit would, were it a private person, be liable to the claimant according to Texas Law." TEX. CIV. PRAC. & REM. CODE ANN. §101.021(1)(A) & (2). Thus, to avoid immunity via this Act, the complainant, through his pleadings, must allege facts illustrating a viable cause of action involving damage, injury or death 1) arising from the negligent operation or use of the type of vehicle or equipment described above or 2) caused by a condition or use of tangible personalty or realty under circumstances wherein a private person would be liable. *E.g., McBride v. Texas Dep't Criminal Justice*, 964 S.W.2d 18, 22 (Tex. App.–Tyler 1997, no pet.) (holding that to state a cause of action under the Act, the plaintiff must allege facts showing that the negligence was the proximate cause of his injuries and that it involved the use or condition of tangible property). In other words, for one to enjoy the window opened by the Tort Claims Act, they must plead facts which, if accepted as true, satisfy the elements of the Tort Claims Act.

We caution, however, that the trial court is not to assess the merits of the underlying cause of action when determining if the pleadings meet the requisite standard. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). That is, it must not require the complainant to prove the merits of his underlying cause of action. Again, the pleadings are

4

normally the focus of the inquiry, though extraneous evidence may be received by the court depending upon the nature of the jurisdictional attack. *Id.*; *see Texas Dep't Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) (stating that "we must examine the plaintiff's pleadings to decide whether sovereign immunity has been waived" but also consider the evidence presented).[4]

*Application of Authority*

As mentioned above, the factual allegations illustrating the cause of action asserted by the Rules must be read liberally and in favor of the Rules. Those allegations illustrate that 1) the Rules' twenty month old daughter placed her hands on a slide which had absorbed heat from the sun, 2) the heat which had been absorbed burned her hands, 3) the city maintained the slide in a park it owned, 4) the heat was absorbed by the slide because protective coating had worn away from the situs at which G.R. placed her hands, 5) the condition of the slide created an unreasonable risk of harm, 6) the city "admit[ed] actual knowledge of the defect" and "acknowledge[d] no actions [were] taken to cure said defect," and 7) the city's conduct (*i.e.*, knowingly maintaining the defective condition of the slide) constituted "not only negligence but wilful, wanton and gross negligence as defined by law." Conceivably, these allegations could be read as averring a claim of premises

---

[4]To the extent that the City argued below and at bar that jurisdiction was wanting since the Rules could not prove it had knowledge of the defective slide or because the defect did not proximately cause the injury, the City was asking the trial court to do that which was cautioned against in *Bland*. Contending that the cause should be dismissed for want of jurisdiction due to the plaintiff's inability to *prove* elements of their claim, *i.e.*, knowledge and causation, differs from contending that it should be dismissed since they failed to *allege* a cause of action within the scope of the Tort Claims Act. The former entangles the trial court in the merits of the case contrary to the directive in *Bland* while the latter does not. The latter, instead, simply requires perusal of the pleadings to see what was alleged and whether those allegations fit within the Act.

liability, *i.e.*, breach by an occupier of land of the duties owed to a licensee.[5]  *See Knorpp v. Hale,* 981 S.W.2d 469, 471-72 (Tex. App.–Texarkana, no pet.)(describing the elements of such claims).

Yet, given that the pleadings indicate G.R.'s injuries were caused by contact with playground equipment in a city park, another statute comes into play.  It is found at §75.002 of the Civil Practice and Remedies Code.  Through that provision, the legislature modified the duty of care normally owed to those granted permission to enter realty.  It declared that an owner, lessee, or occupant of realty (other than agricultural land) who gives permission to another to enter the premises for "recreation" does not 1) assure that the premises are safe for that purpose, 2) owe to the person to whom permission is granted a greater degree of care than that owed a trespasser, or 3) assume responsibility or incur liability for any injury to any individual or property caused by any act of a person to whom permission is granted. TEX. CIV. PRAC. REM. CODE ANN. §75.002(c) (Vernon Supp. 2001).  Furthermore, the term "recreation" was defined as including hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, birdwatching, cave exploration, waterskiing, water sports, and "any other activity associated with enjoying nature or the outdoors." *Id.* at §75.001(3).  That journeying to a park to enjoy its facilities and playground equipment is akin to "picnicking" (albeit without the food) and within the category of an "activity associated with enjoying nature or the outdoors" cannot reasonably be disputed.  *See Flye v. City of Waco*, 50 S.W.3d 645, 647 (Tex. App.--Waco 2001, no pet.)(wherein the use of playground equipment, *i.e.* a swing, at a city park was

---

[5]We acknowledge that a licensee need not aver or prove wilful, wanton or grossly negligent misconduct on the part of the defendant to recover.  Such is not an element of the general cause of action.

considered to be within the statutory definition of recreation). And, therein lies the obstacle that proves fatal to the Rules's live pleadings.

While the legislature may not have intended for §75.001 *et. seq* (or what has become known as the Recreational Use Act) to waive a governmental entity's sovereign immunity, *id.* at §75.003(f), the statute nevertheless affects such an entity's liability under the Tort Claims Act if the premises were used for recreational purposes. This is so because the Recreational Use Act not only applies to governmental entities, *id.* at §75.003(e), but also controls the extent of their liability "under circumstances in which. . . [they] would be liable under . . ." the Tort Claims Act. *Id.* at §75.003(g). That is, to the extent that §75.002(c) applies, the governmental entity need only treat those entering upon the property as a trespasser. It owes them no duties normally due licensees or invitees.[6] Nor must it act as a reasonable person would *viz-a-viz* the potential claimants. Instead, the entity may do that which it would as long as it does not injure the visitor through wilful, wanton, or grossly negligent *conduct*. *See Texas Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997) (stating that the duty of care owed to a trespasser is to forego injuring him through wilful, wanton, or grossly negligent conduct). And, in stressing the word *conduct*, we emphasize that the duty does not encompass injury arising from the condition of realty but only injury arising from the activity or conduct of the occupier. *Flye v. City of Waco*, 50 S.W.3d 645, 648 (Tex. App.--Waco 2001, no pet.), *quoting Smither v. Texas Utils. Elec.*, 824 S.W.2d 693, 695 (Tex. App.--El Paso 1992, writ dism'd). This is so

---

[6]Consequently, §75.002(c) effectively supplants §101.022(a) of the Texas Civil Practice and Remedies Code when the premises are used for recreational purposes. Section 101.022(a) obligates a governmental entity to treat those appearing upon its lands as licensees unless payment is made for the use of the premises. TEX. CIV. PRAC. & REM. CODE ANN. §101.022(a) (Vernon 1997). However, if the premises are being used for recreational purposes, the entity need only treat the visitors as trespassers.

7

because trespassers take the premises as they find them.  *Id.*  So, no duty is owed them *viz* the condition of those premises.

What all the foregoing means in simple terms is that to state a viable cause of action within the scope of §101.021(2) of the Tort Claims Act when the injury involves realty (and appurtenances thereto) used for recreational purposes, the claimant must do the following. It must allege facts illustrating that injury or death arose from the wilful, wanton, or grossly negligent conduct of the entity.   With this in mind, we return to the Rules' live pleading.

Again construing the Rules' first amended petition in a liberal manner, we see that they seek redress for injuries allegedly caused by the condition of the slide found at the playground, and the City's failure to ameliorate or rectify that condition or otherwise warn others of same.  So construed, their complaints liken to those of the plaintiff in *Flye*.  There, a child was struck by a swing located in a city park, which swing supposedly lacked a protective guard.  His parents sued for redress contending that the City was grossly negligent in failing to warn of the swing's dangerous condition and failing to correct prior incidents, maintain the condition of the park, maintain the park equipment, and repair the park equipment.  *Flye v. City of Waco*, 50 S.W.3d at 647.  These allegations did not evince, according to the *Flye* court, activity or conduct causing *contemporaneous* injury. Rather, they evinced misconduct creating a condition which belatedly caused injury.  And, since the injury did not arise contemporaneously with the improper omissions but rather a condition made by the omissions, the chose-in-action sounded in premises liability.  *Id.* at 648-49; *see Timberwalk Apts., Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (distinguishing between a cause of action founded upon negligent activity or conduct and

8

one sounding in premises liability and holding that recovery under a negligent activity theory requires the injury to be a contemporaneous result of the supposed misfeasance as opposed to a condition created by the misfeasance); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (holding the same).[7] Finally, because the claim was one of premises liability and the park and swing were being used for recreational purposes (*i.e.* as a park and swing), the city owed the Flyes no duty regarding the condition of the premises since they were trespassers. *Flye of Waco*, 50 S.W.2d 649.

So, to the extent that the Rules complain (via their first amended petition) about Lubbock's failure to repair or maintain the playground equipment or warn about its purportedly hazardous condition, they complain of injury that does not arise

---

[7]Our Supreme Court continues to recognize a distinction between negligent conduct committed by an occupier of property that immediately causes injury and the same negligent conduct that does not inflict immediate or "contemporaneous" harm. The former is actionable *via* a claim sounding in simple negligence while the latter must be pursued through a claim founded upon premises liability. *Timberwalk Apts., Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Thus, for instance, one who slips on a substance covering a grocery store floor at the same time the store employee carelessly sprays the substance must sue under the theory of negligent activity while a customer who slips on the same patch of floor an hour after the employee stopped carelessly spraying the substance must allege a claim sounding in premises liability. *Keetch v. Kroger Co.*, *supra*. Should the injured person in the first scenario aver a premises liability claim or the injured in the second scenario allege a claim sounding in mere negligence, neither could recover despite the fact that the same act effectively caused the same injury. Why the temporal relationship between the improper act and injury should be left to dictate the nature of the cause of action and create a hazardous pitfall for the injured is questionable, as discussed in Chief Justice Hardberger's concurrence in *Wal-Mart Stores, Inc. v. Garza*, 27 S.W.3d 64 (Tex. App.--San Antonio 2000, pet. denied). This is especially true when the Recreational Use Act may come into play. In that situation, the mere passage of time between the misconduct and the occurrence of the injury may determine whether the injured has any claim whatsoever. For instance, if a hiker in a city park is injured by falling construction material which a city employee is then stacking in a wilful, wanton, or grossly negligent way, the city could arguably be held liable under *Keetch*. Yet, if another hiker encounters the same falling material the next day, then he would have no cause of action. This would be true despite the fact that both hikers are trespassers under the Recreational Use Act. And, the simple reason why it would be true concerns the temporal relationship between the improper conduct and the injury. Having occurred the day after the employee completed his misconduct, the second hiker's injuries would not be "contemporaneous" with the misconduct, and his claim would be limited to one of premises liability, *i.e.* one founded upon the condition of the property. And, because a land owner owes trespassers no duty regarding the condition of the property, the second hiker would recovery nothing. On the other hand, the first hiker's injuries would be "contemporaneous" with the misconduct and therefore actionable under a claim of negligent activity conducted wilfully, wantonly or with gross negligence. Simply put, the mere passage of time would dictate which one wins and which one loses. An interesting quirk, but apparently the law nonetheless.

contemporaneously with any misconduct on the part of the city. *Flye v. City of Waco*, *supra*. Under that circumstance, binding Supreme Court precedent restricts them to averring a chose-in-action founded upon premises liability, which the Rules attempted. *Id.*; *accord, Timberwalk Apts. Partners, Inc. v. Cain*, *supra*; *Keetch v. Kroger, Inc.* Yet, this is of no moment since they also alleged facts illustrating that the injury was caused by a slide located in a city park and on which they played. In making that allegation, the Rules triggered application of the Recreational Use Act which bestowed upon them the status of trespassers. TEX. CIV. PRACT. & REM. CODE ANN. §75.002(c)(2). And, being trespassers, they were owed no duty by the City with regard to the condition of the playground and its appurtenances. *Flye v. City of Waco, supra*. Consequently, the live pleading before us fails to allege facts illustrating a cause of action upon which the City of Lubbock could be found liable if it were a private person. And, because it does not allege such a cause of action, the Rules fell short of stepping through the window of opportunity created by the Tort Claims Act.

In sum, the doctrine of sovereign immunity deprives the trial court of jurisdiction over the choses-in-action at bar, and the trial court erred in denying the City's motion to dismiss for want of subject matter jurisdiction. Moreover, the error is harmful in that the trial court may not allow the Rules to continue their prosecution of the suit in absence of jurisdiction. However, before we can dismiss the action, *see* TEX. R. APP. PROC. 43.2 (c) (stating that the appellate court may enter the judgment which the trial court should have entered), the Rules must be afforded an opportunity to amend their pleadings and allege a cause of action within the trial court's jurisdiction. *Texas Ass'n Bus. v. Air Control Bd., supra*.

10

Should the Rules fail to allege such a claim or opt not to, then dismissal is necessary. Thus, we reverse the order of the trial court denying the City of Lubbock's motion to dismiss for want of jurisdiction and remand the cause for further proceedings commensurate with this opinion.[8]

Brian Quinn
Justice

Publish

---

[8]Having sustained the City's first issue relieves us of having to address its second.