TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTIONS FOR REHEARING AND REHEARING EN BANC









NO. 03-03-00111-CV






The State of Texas Acting through the Texas Department of Parks and Wildlife and the
Texas Department of Parks and Wildlife, Appellants


v.


Ricky Shumake and Sandra Shumake, Individually and as Personal Representative of the
Estate of Kayla Shumake, Deceased, Appellees







FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT

NO. 5,278, HONORABLE GUILFORD L. JONES, JUDGE PRESIDING





S U P P L E M E N T A L O P I N I O N




 We have reviewed the motions for rehearing and the response; we have also analyzed
our opinion in light of the supreme court's recently issued decision in Texas Department of Parks
and Wildlife v. Miranda, No. 01-0619, 2004 Tex. LEXIS 304 (Tex. Apr. 2, 2004). We interpret
Miranda to acknowledge that a premises defect claim may properly be brought under the recreational
use statute as long as the plaintiffs create a factual dispute regarding gross negligence with respect
to the defect alleged. Id.


We have observed that with regard to the subjective component of gross negligence,
it is the defendant's state of mind--whether the defendant knew about a peril but
nevertheless acted in a way that demonstrated that he did not care about the
consequences--that separates ordinary negligence from gross negligence. We search
the record for evidence that the Department's acts or omissions demonstrate that it
did not care about the consequences to the Mirandas of a known extreme risk of
danger. The Mirandas fail to point to any evidence, and the record contains no
evidence, that shows that sudden branch drop syndrome constitutes an extreme risk
of danger or that the Department had actual, subjective knowledge of that risk but
nevertheless proceeded in conscious disregard for the safety of others. Nor is there
any evidence that the Department could have taken any reasonable steps to minimize
the dangers of an "unforseeable" and "unpredictable" phenomenon. We conclude
that the evidence in the record establishes that the Department was not grossly
negligent and that the Mirandas have failed to raise a fact question regarding the
Department's alleged gross negligence.



Id. at *36. We understand this language to essentially overrule the holding of the Amarillo court's
decision in Rule that gross negligence under the recreational use statute could only occur by a
landowner's conduct that "contemporaneously" caused an injury. See City of Lubbock v. Rule, 68
S.W.3d 853 (Tex. App.--Amarillo 2002, no pet.) ("And, in stressing the word conduct, we
emphasize that the duty does not encompass injury arising from condition of realty but only injury
arising from the activity or conduct of the occupier.").

 Unlike the Mirandas, the Shumakes have alleged facts that if proven would establish
gross negligence. They have alleged that the Department knew of an extreme risk yet "nevertheless
proceeded in conscious disregard for the safety of others." See Miranda, 2004 Tex. LEXIS 304, at
*36. These facts squarely fit the standard of gross negligence discussed in Miranda. See id.

 Furthermore, Miranda's directives on the procedural treatment of pleas to the
jurisdiction involving the interplay of the tort claims act and the recreational use statute do not affect
the standard of care owed to the Shumakes in this case. See id. Indeed, the alleged gross negligence
in Miranda involved a park's failure to warn park users of a natural condition, that tree limbs may
fall (referred to in that opinion as the "sudden branch drop syndrome"). Id. The case before us
involves alleged gross negligence in maintaining a danger to swimmers created by a man-made
culvert. In the context of the recreational use statute, the distinction between artificial and natural
conditions serves an important purpose. The Shumakes created a fact dispute on this issue sufficient
to defeat the plea to the jurisdiction.

 The known trespasser standard of care does not require a landowner to inspect the
property for dangers. It is markedly less onerous than the licensee standard of care, which requires
a landowner to use ordinary care either to warn a licensee of a condition that presents an
unreasonable risk of harm of which the landowner (but not the licensee) is actually aware, or to make
the condition reasonably safe. While landowners bound by the licensee standard of care must warn
of both natural and artificial dangers, under the known trespasser standard, landowners must only
warn of artificial dangers of which they have actual knowledge, or of seriously dangerous conditions
of which they should have been aware. Imposing this standard of care on a park that invites the
Texas public to enter its premises for recreation is not at odds with the legislative intent of the
recreational use statute.

 We overrule the motions for rehearing and rehearing en banc.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices Kidd, B. A. Smith, Patterson, Puryear and Pemberton;

 Justice Pemberton Not Participating

Filed: April 15, 2004