NO. 07-05-0120-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 7, 2005
 

______________________________



Ex parte WILLIAM S. CHASE, JR., 


 

 Appellant

_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 16,511; HON. FELIX KLEIN, PRESIDING


_______________________________



Order of Dismissal


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 William S. Chase, Jr. appeals from an order dismissing his application for writ of
habeas corpus. The writ was sought to obtain release from the purported restraint of Bruce
Peel, mayor of Littlefield, Texas. Peel had moved for dismissal, contending that the trial
court lacked jurisdiction over the proceedings. The trial court granted the motion. We now
dismiss the appeal for lack of jurisdiction.

 One may not appeal from an order denying a writ of habeas corpus unless the order
arose after a hearing on the merits and the trial court denied the application on the merits. 
Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). Next, granting a motion
to dismiss due to the absence of jurisdiction is not a ruling on the merits. See Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); see also City of Lubbock v. Rule, 68
S.W.3d 853, 857 (Tex. App.-Amarillo 2002, no pet.). So because the trial court dismissed
the appeal due to the lack of jurisdiction, we ourselves have no jurisdiction over the appeal. 
Accordingly, the appeal is dismissed for want of jurisdiction.

 


 Brian Quinn

 Justice


Do not publish.


 



 shall set bail after a petition for discretionary review has
been filed. (1) See id. Accordingly, Antonio Schmidt's motion to set bail is overruled.

 It is so ordered.

 Don H. Reavis

 Justice



Do not publish.
1. We note that appellant requested bail be set by the Court of Criminal Appeals, but
filed the motion in this Court.