NO. 07-05-0121-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 7, 2005
 

______________________________



Ex parte THOMAS WARNER, 


 

 Appellant

_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 16,507; HON. FELIX KLEIN, PRESIDING


_______________________________



Order of Dismissal


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Thomas Warner appeals from an order dismissing his application for writ of habeas
corpus. The writ was sought to obtain release from the purported restraint of Bruce Peel,
mayor of Littlefield, Texas. Peel had moved for dismissal, contending that the trial court
lacked jurisdiction over the proceedings. The trial court granted the motion. We now
dismiss the appeal for lack of jurisdiction.

 One may not appeal from an order denying a writ of habeas corpus unless the order
arose after a hearing on the merits and the trial court denied the application on the merits. 
Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). Next, granting a motion
to dismiss due to the absence of jurisdiction is not a ruling on the merits. See Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); see also City of Lubbock v. Rule, 68
S.W.3d 853, 857 (Tex. App.-Amarillo 2002, no pet.). So because the trial court dismissed
the appeal due to the lack of jurisdiction, we ourselves have no jurisdiction over the appeal. 
Accordingly, the appeal is dismissed for want of jurisdiction.

 


 Brian Quinn

 Justice


Do not publish.


 



 immediately. The court reporter has failed to respond
to any communications from either of the appellate clerks. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute these appeals; (2) if appellant desires to prosecute the appeals,
whether appellant has requested reporter's records, or designated portions of the reporter's
records necessary for appellant's appeals, and if not, what orders should be entered to
assure such requests or designations; (3) if the reporter's records have been requested or
portions necessary to appellant's appeals designated, what orders or other actions should
be directed to the court reporter to assure immediate filing of the reporter's records or such
portions of the records as have been designated by appellant; (4) what orders, if any,
should be entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeals if appellant does not desire to prosecute the appeals, or, if appellant
desires to prosecute the appeals, to assure that the appeals will be diligently pursued. The
trial court is directed to enter any orders that it determines necessary and appropriate to
assure the proper fulfilment of duties by appellant's attorney, the court reporter, or any
other person necessary for diligent prosecution of appellant's appeals, or dismissal of the
appeals. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) enter any
necessary orders; (3) make and file appropriate findings of fact, conclusions of law and
recommendations, and cause them to be included in supplemental clerk's records; (4)
cause the hearing proceedings to be transcribed and included in reporter's records; and
(5) have a record of the proceedings made to the extent any of the proceedings are not
included in the supplemental clerk's records or the reporter's records. In the absence of
a request for extension of time from the trial court, the supplemental clerk's record,
reporter's record of the hearing and proceedings pursuant to this order, and any additional
proceeding records, including any orders, findings conclusions and recommendations, are
to be sent so as to be received by the clerk of this court not later than February 15, 2005. 

 So ordered.

 Per Curiam

Do not publish.