NO. 07-05-0118-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 7, 2005

_____

Ex parte ROGER D. PFEIL,

Appellant

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 16,508; HON. FELIX KLEIN, PRESIDING

_____

***Order of Dismissal***

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Roger D. Pfiel appeals from an order dismissing his application for writ of habeas corpus. The writ was sought to obtain release from the purported restraint of Bruce Peel, mayor of Littlefield, Texas. Peel had moved for dismissal, contending that the trial court lacked jurisdiction over the proceedings. The trial court granted the motion. We now dismiss the appeal for lack of jurisdiction.

One may not appeal from an order denying a writ of habeas corpus unless the order arose after a hearing on the merits and the trial court denied the application on the merits. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). Next, granting a motion to dismiss due to the absence of jurisdiction is not a ruling on the merits. *See Bland Indep.*

*Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also City of Lubbock v. Rule,* 68 S.W.3d 853, 857 (Tex. App.–Amarillo 2002, no pet.).  So because the trial court dismissed the appeal due to the lack of jurisdiction, we ourselves have no jurisdiction over the appeal. Accordingly, the appeal is dismissed for want of jurisdiction.


                                        Brian Quinn
                                          Justice

Do not publish.