NO. 07-04-0485-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 27, 2005

_____

TEXAS DEPARTMENT of TRANSPORTATION,

Appellant

v.

CITY of AMARILLO,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 92,160-C; HON. PATRICK PIRTLE, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

In this interlocutory appeal, the Texas Department of Transportation (the Department) challenges the trial court's order denying its plea to the jurisdiction. The City of Amarillo (Amarillo) initiated suit requesting a declaratory judgment adjudicating the right, if any, of the Department to issue a permit for the construction of a billboard in an area adjacent to an interstate freeway. Local zoning ordinances enacted by Amarillo did not authorize the erection of such a structure in the particular area. So, dispute arose as to

which rules, ordinances, or regulations control the dispute, those of Amarillo or those of the Department. And, thus, Amarillo sued the Department in Amarillo, Potter County for a declaratory judgment resolving that question. The Department moved to dismiss the suit on the basis of sovereign immunity, which motion the trial court denied. The three issues before us concern whether 1) the Uniform Declaratory Judgments Act (UDJA) waives the State's sovereign immunity from suit, 2) §2001.038 of the Texas Government Code provides a specific declaratory remedy for Amarillo's claims that preempts the UDJA, and 3) dismissal is required due to the failure to join a purported indispensable party. We affirm the order.

### Issue One – Waiver of Immunity Under UDJA

The Department invoked sovereign immunity and contended that the shield insulated it from suit by Amarillo. We disagree.

Sovereign immunity or immunity from suit is waived when 1) one initiates a declaratory action against a state agency seeking the interpretation of a statute or the extent of the agency's statutory authority and 2) the agency is a necessary party to the action. *Texas Municipal Power Agency v. Public Utilities Commission*, 100 S.W.3d 510, 515-16 (Tex. App.–Austin 2003, pet. denied); *see also Texas Dep't Protective & Reg. Serv. v. Mega Child Care Inc.*, 145 S.W.3d 170, 198 (Tex. 2004) (citing *Texas Education Agency v. Leeper,* 893 S.W.2d 432 (Tex. 1994) for the proposition that the UDJA provides a limited waiver of sovereign immunity); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697-98 (Tex. 2003) (stating that if the Legislature required the State to be joined in a lawsuit for which immunity would otherwise attach, the Legislature intentionally waived the State's

2

sovereign immunity and noting that *Texas Education Agency v. Leeper*, stands for the proposition that the UDJA does waive aspects of sovereign immunity); *Texas Education Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) (holding that the UDJA served to waive sovereign immunity when the State is a necessary party to the action); *Ware v. Miller*, 82 S.W.3d 795, 802 (Tex. App.–Amarillo 2002, pet. denied) (stating that the UDJA waives sovereign immunity when used to declare rights under a statute or ordinance).

Here, Amarillo sued for a declaration adjudicating the extent of the Department's statutory authority to issue the permit allowing for the construction of the billboard. Furthermore, no monetary damages were sought. Thus, the claim falls within the exception to sovereign immunity provided for in *Leeper*, *Texas Municipal Power Agency*, and *Ware* and as reiterated in *Mega Childcare* and *Wichita Falls State Hospital*.

Though the Department cites *Texas Nat. Resource Comm'n v. IT-Davy*, 74 S.W.3d 849 (Tex. 2002) as holding otherwise, we find the case distinguishable. Here, unlike the situation in *Davy*, we are not dealing with the State's liability for contractual damages. Rather, Amarillo requests a declaration specifying the extent of the Department's statutory authority to issue building permits or licenses in certain areas. No damages are sought.

### *Issue Two – Declaratory Action under the APA*

Next, the Department argues that the suit should be dismissed because the Administrative Procedure Act (APA) prescribed not only the means by which one could obtain a declaratory judgment but also restricts the prosecution of such an action to the district courts of Travis County. We overrule the issue.

According to the APA, "[t]he validity or applicability of [an agency] rule . . . may be

3

determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs . . . a legal right or privilege of the plaintiff." TEX. GOV'T CODE ANN. §2001.038(a) (Vernon 2000). Furthermore, that particular action "may be brought only in a Travis County district court." *Id.* §2001.038(b). Next, a "rule" is defined as "a state agency statement of general applicability that . . . implements, interprets or prescribes law or policy" or "describes the procedure or practice requirements of a state agency . . . ." *Id.* §2001.003(6)(A)(i) & (ii). Upon reviewing the live pleadings of Amarillo, we find no mention of any "rule," as that term is defined by the APA, being attacked. Instead, it contends that the Department's action exceeds *statutory* authority. Nor has the Department referred us to any such rule of "general applicability" in order to satisfy § 2001.003(6)(A). At most, we are told that there are some "informal" rules involved and that they are susceptible to development on a case-by-case basis. Yet, what they are goes undisclosed. Given this, we cannot say that §2001.038 encompasses, and therefore bars prosecution of, the dispute pending in the 251st District Court for Potter County.

### Issue Three – Missing Party

Lastly, the Department contends that the absence of an indispensable party, namely recipient of the permit, deprived the trial court of subject matter jurisdiction. We overrule it as well.

Assuming *arguendo* that we were to find the permit holder to be an indispensable party and that its non-joinder somehow deprived the trial court of subject matter jurisdiction, we could not dismiss the proceeding without first affording Amarillo opportunity to cure the defect. *City of Lubbock v. Rule*, 68 S.W.3d 853, 861 (Tex. App.–Amarillo 2002, no pet.)

4

(holding that we cannot dismiss for want of jurisdiction without first giving the plaintiffs opportunity to allege a cause of action within the trial court's jurisdiction). So, until a court of competent jurisdiction first determines that the permit holder is an indispensable party, that the party cannot be joined via court order, and that Amarillo refuses to amend its pleading to join it, we cannot dismiss the cause. TEX. R. CIV. P. 39(a) (stating that the trial court may order the joinder of the necessary or indispensable parties).

Having overruled each issue, we affirm the order denying the Department's plea to the jurisdiction of the trial court.


Brian Quinn
Chief Justice

5