NO. 07-05-0312-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 24, 2005



______________________________




CYNTHIA RAYNIA CLAYTOR, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 48,053-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Cynthia Raynia Claytor was adjudicated guilty of burglary of a building and 
sentenced to two years confinement in a state jail facility and a $10,000 fine. Sentence
was imposed on August 3, 2005, and appellant filed a pro se "motion to appeal" with the
trial court clerk on September 8, 2005. We dismiss the purported appeal.

 A defendant must file a written notice of appeal with the trial court clerk within 30
days after the date sentence is imposed. Tex. R. App. P. 252.(c) & 26.2(a)(1). The time
in which to file a notice of appeal may be enlarged if, within 15 days after the deadline for
doing so, the party files the notice in the trial court and a motion complying with Rule
10.5(b) of the Texas Rules of Appellate Procedure in the appellate court. Tex. R. App. P.
26.3. When a notice, but no motion for extension of time, is filed within the 15-day window,
this Court does not have jurisdiction to dispose of the purported appeal in any manner
other than by dismissal for want of jurisdiction. Olivo v. State, 918 S.W.2d 519, 523
(Tex.Cr.App. 1996). Additionally, we do not have jurisdiction to invoke Rule 2 of the
appellate rules in an effort to obtain jurisdiction. Thus, we cannot create jurisdiction where
none exists. Id. See also, Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998).

 Appellant's sentence was imposed on August 3, 2005, although the order
adjudicating her guilty was not signed until August 22, 2005. However, in a criminal case,
the time for perfecting an appeal commences on the date sentence is imposed. Tex. R.
App. P. 26.2(a). See also Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Cr.App. 1993). No
motion for new trial was filed, and although appellant did file a pro se motion to retract her
guilty plea, under the Texas Rules of Appellate Procedure, it does not extend the time for
perfecting an appeal. Cf. Rule 26.1(a) which extends the time for perfecting an appeal in
a civil case to 90 days if a motion for new trial, motion to modify, motion to reinstate, or a
request for findings of fact and conclusions of law is filed. The criminal counterpart, Rule
26.2(a)(2), provides a 90-day extension only if a motion for new trial is filed. We conclude
appellant's notice of appeal filed on September 8, 2005, was untimely and although it was
filed within the 15-day extension period, it was unaccompanied by a motion for extension
of time reasonably explaining the delay.

 Accordingly, the purported appeal is dismissed for want of jurisdiction. (1)

 Don H. Reavis

 Justice

 

Do not publish.
1. Appellant may have recourse by filing a post-conviction writ of habeas corpus
returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. See
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05).



        Memorandum
Opinion

                                           _______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.








Kevin L. Jones, Sr., an indigent inmate, appeals
from orders granting a plea to the jurisdiction filed by the Travis County
Adult Probation Department a/k/a Travis County Community Supervision and
Corrections Department (TCAPD).  The latter was sued for monetary damages and
injunctive relief due to its purported failure to inform Jones that his
criminal conviction had been affirmed by the Third Court of Appeals.  This, in
turn, effectively denied him the opportunity to timely initiate a petition for
discretionary review, so he alleged.  TCAPD filed a plea to the jurisdiction
contending that the lawsuit was barred by sovereign immunity, which plea the
trial court granted.  Though his appellate contentions are somewhat confusing,
we construe them as attacking the trial court=s decision. 
Simply put, he believes that the trial court had jurisdiction to entertain the
action.  We disagree and affirm the order.[1]   









Counties, as subdivisions of the state, enjoy
sovereign immunity from suit.  Reed v. Prince, 194 S.W.3d 101, 103 (Tex.
App.BTexarkana 2006, pet. denied).  Yet, there are two
exceptions to this rule.  One involves the recompense of injury caused by an
employee acting within the scope of his employment and arising from the
operation or use of a motor vehicle or motor driven equipment.  Tex. Civ. Prac. & Rem. Code '101.021(1) (Vernon 2005).  The other involves the recompense of injury
caused by a condition or use of tangible personal or real property if the
governmental unit would, as a private person, be liable to the claimant.  Id.'101.021(2).  Moreover, to pierce the shield resurrected by sovereign
immunity, the plaintiff generally must allege, in his live pleading, facts
illustrating a cause of action within the parameters of '101.021(1) or (2).[2] 
City of Lubbock v. Rule, 68 S.W.3d 853, 857 (Tex. App.BAmarillo 2002, no pet.), overruled in part on other grounds by State
v. Shumate, 199 S.W.3d 279 (Tex. 2006).  Jones has not done that.  His
allegations regarding the failure to notify implicate neither a motor vehicle,
motor driven equipment, realty, nor tangible personalty.  Thus, the trial court
accurately concluded that he pled no cause of action which could survive the
bar of sovereign immunity.

Accordingly, the orders dismissing his suit are
affirmed.

 

Brian Quinn 

          Chief Justice        

 









[1]TCAPD moved to dismiss this appeal
contending that we have no jurisdiction over it.  This is purportedly so since
Travis County falls outside our geographic district.  Though the matter began
in Travis County and that county is outside the district overseen by the
Seventh Court of Appeals, the appeal was transferred to us by order of the
Texas Supreme Court.  See Tex.
Gov=t Code Ann. '73.001 (Vernon 2005) (granting the supreme court the
authority to transfer cases from one court of appeals to another at any time
that there is good cause for the transfer).  We take judicial notice of that
order and further note that TCAPD did not challenge the propriety of it.  Nor
did it question whether good cause existed for its execution.  We, therefore,
overrule the motion to dismiss.





[2]We note that appellant invoked 42
U.S.C. '1981 in his pleading.  That statute
implicates concepts of equal protection and prohibits discrimination.  It being
federal, we assume for purposes of argument alone that a claim implicating
facts and conduct within its scope could survive attack levied on the basis of
state common law notions of sovereign immunity.  But, even if it did, that
matters not for one invoking it would still have to allege facts illustrating a
cause of action within the scope of the statute.  City of Lubbock v. Rule, 68
S.W.3d 853, 857 (Tex. App.BAmarillo 2002, no pet.), overruled
in part on other grounds by State v. Shumate, 199 S.W.3d 279 (Tex. 2006). 
And, Jones did not do that.  Simply put, he did not allege that the action of
which he complains resulted from discrimination.