NO. 07-04-0367-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 15, 2005
_____

AMARILLO OFFICE MACHINES, INC.,

Appellant

v.

CANYON INDEPENDENT SCHOOL DISTRICT,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 53,886-B1; HON. DAVID GLEASON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Amarillo Office Machines, Inc. (Amarillo) appeals from an order sustaining a plea to the jurisdiction of the trial court filed by Canyon Independent School District (CISD). Via five issues, Amarillo contends that the trial court 1) should have allowed Amarillo to amend its pleadings prior to dismissal and 2) erred in finding that the evidence was insufficient to support its jurisdiction. We reverse and remand.

Amarillo initiated suit against CISD and Hogland Office Equipment. The relief sought against CISD involved a declaratory judgment. That is, Amarillo requested the trial court to declare that "the only valid contract with regard to the machines and service [underlying the dispute] is that contract bid for and approved by CISD in its official minutes . . . and that the alleged contract . . . between CISD and [Hogland] is void . . . ." In response, CISD filed its plea to the jurisdiction of the trial court. The plea was founded upon the doctrine of sovereign immunity and standing. Because CISD was a governmental entity, such entities were immune from suit and liability, and since neither immunity was waived, the suit allegedly had to be dismissed. The trial court agreed, granted the plea, and dismissed the suit. Amarillo then appealed. We reverse and remand for several reasons.

First, statute provides that:

> The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, *sue and be sued*, and receive bequests and donations or other moneys or funds coming legally into their hands.

TEX. EDUC. CODE ANN. §11.151(a) (Vernon Supp. 2005) (emphasis added). According to the Texas Supreme Court and our own precedent, the phrase "sue and be sued" effectively waives a governmental entity's sovereign immunity. *Missouri Pacific Railroad Co. v. Brownsville Navigation District,* 453 S.W.2d 812, 813 (Tex.1970); *City of Lubbock v. Adams,* 149 S.W.3d 820, 825 (Tex. App.–Amarillo 2004, no pet.). While other courts have disagreed with this, *see e.g., Satterfield & Pontikes Constr., Inc. v. Irving Indep. School Dist.,* 123 S.W.3d 63, 66 (Tex. App.–Dallas 2003, pet. filed), they are in the minority. *City*

2

*of Lubbock v. Adams*,149 S.W.3d at 825. More importantly, until the Texas Supreme Court tells us otherwise, we are obligated to follow *Missouri Pacific.*

Second, a material issue of fact exists regarding whether Amarillo is party to the contract at issue. We arrive at this conclusion after applying the requisite standard of review. Per the latter, one normally looks to the allegations in the plaintiff's live pleading to determine whether subject matter jurisdiction exists. *City of Lubbock v. Rule*, 68 S.W.3d 853, 857 (Tex. App.–Amarillo 2002, no pet.); *accord, Texas Dept. Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Those allegations must include averments of fact illustrating a cause of action over which the trial court has jurisdiction. *City of Lubbock v. Rule,* 68 S.W.3d at 857. Moreover, a trial court is generally prohibited from assessing the validity or merits of those factual allegations in determining the matter. *Id.*; *accord, Bland Indep. Sch. Dist. v Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (so stating). This is not necessarily true though, if the merits of the cause and the existence of jurisdiction are intertwined. Under those circumstances, the trial court may address those aspects of the cause upon which jurisdiction is dependent if the governmental body presents competent evidence purporting to defeat those particular aspects of the claim. *Texas Dept. Parks & Wildlife v. Miranda*, 133 S.W.3d at 227-28. And, if the governmental entity does, then the trial court must determine whether a material issue of fact exists regarding the disputed jurisdictional fact, *i.e.* whether the aspect of the claim in dispute is negated as a matter of law. *Id.*

Here, CISD questioned the existence of jurisdiction over the dispute because Amarillo allegedly was not a party to the lease contract at issue. Not being a party, it

3

purportedly had neither standing to enforce nor a justiciable interest in the agreement. Yet, despite CISD's assertion in its appellate brief that "[n]either AOM [Amarillo] nor Eddie Roberts [Amarillo's president] is mentioned anywhere in the Copier Lease," the agreement described both "Hogland Office Equipment" and *"Amarillo Office Machines Branch"* as the lessor. (Emphasis in original). So too did Amarillo represent in its request for proposal (RFP) that it was to "provide the services or items requested." This is of import since the lease agreement executed by CISD not only incorporated into the agreement the terms of that request for proposal but also stated that they were to control over any conflict with the terms of the lease. Next, a manufacturer's certification submitted apparently as part of the RFP contained the following representation:

> "The purpose of this letter is to inform you that *Amarillo Office Machines . . .* a branch dealer of Hogland Office Equipment Lubbock Tx [sic] is bidding as an authorized Royal Copystar Dealer in good standing. Additionally*, Amarillo Office Machines* is authorized to submit a proposal on such equipment."

These indicia pretermit us from concluding, as a matter of law, that Amarillo was not a party to the lease.

Third, a trial court must normally afford a plaintiff opportunity to amend his live pleading before dismissing for jurisdictional defects, *City of Lubbock v. Rule,* 68 S.W.3d at 861, assuming of course a basis of jurisdiction can be alleged. *See Texas Dept. Parks & Wildlife v. Miranda*, 133 S.W.3d at 226 (recognizing that leave to amend should be granted so long as the pleadings do not affirmatively demonstrate incurable defects in jurisdiction). Here, there appears evidence of record indicating that Amarillo and Hogland combined to provide CISD the needed copiers and services. Indeed, the lease agreement

4

executed by CISD expressly named both Hogland and Amarillo as the lessors. In so combining, it may be that the combination of Hogland and Amarillo gave rise to a *de facto* partnership for this one transaction. And, if that occurred, then Amarillo, as a partner, would be entitled to enforce the contract signed by Hogland for the partnership. *See Chien v. Chen*, 759 S.W.2d 484, 489 (Tex. App.–Austin 1988, no writ). At the very least, we cannot say that the record before us indicates that Amarillo cannot amend its live pleading to allege facts sufficient to give it standing to enforce the lease.[1]

Accordingly, we reverse the trial court's order of dismissal and remand the cause.


Brian Quinn
Chief Justice

---

[1]We do not suggest that there was a partnership between Amarillo and Hogland. The circumstance is mentioned only as illustration showing why we cannot say that Amarillo is unable to allege facts sufficient to avoid jurisdictional impediment.