NO.
07-07-0069-CV

 

                                                    IN
THE COURT OF APPEALS

 

                                        FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JUNE
15, 2007

                                            ______________________________

 

                                                          KEVIN L. JONES, SR., 

 

Appellant

 

                                                                             v.

 

                              TRAVIS COUNTY ADULT PROBATION DEPARTMENT 

                           a/k/a
TRAVIS COUNTY COMMUNITY SUPERVISION AND

                                                 CORRECTIONS
DEPARTMENT, 

 

Appellee

                                         _________________________________

 

                           FROM
THE 98TH DISTRICT COURT OF TRAVIS COUNTY;

 

                         NO.
D-1-GN-06-001983; HON. GISELA TRIANA, PRESIDING

                                           _______________________________

 

                                                         Memorandum
Opinion

                                           _______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.








Kevin L. Jones, Sr., an indigent inmate, appeals
from orders granting a plea to the jurisdiction filed by the Travis County
Adult Probation Department a/k/a Travis County Community Supervision and
Corrections Department (TCAPD).  The latter was sued for monetary damages and
injunctive relief due to its purported failure to inform Jones that his
criminal conviction had been affirmed by the Third Court of Appeals.  This, in
turn, effectively denied him the opportunity to timely initiate a petition for
discretionary review, so he alleged.  TCAPD filed a plea to the jurisdiction
contending that the lawsuit was barred by sovereign immunity, which plea the
trial court granted.  Though his appellate contentions are somewhat confusing,
we construe them as attacking the trial court=s decision. 
Simply put, he believes that the trial court had jurisdiction to entertain the
action.  We disagree and affirm the order.[1]   









Counties, as subdivisions of the state, enjoy
sovereign immunity from suit.  Reed v. Prince, 194 S.W.3d 101, 103 (Tex.
App.BTexarkana 2006, pet. denied).  Yet, there are two
exceptions to this rule.  One involves the recompense of injury caused by an
employee acting within the scope of his employment and arising from the
operation or use of a motor vehicle or motor driven equipment.  Tex. Civ. Prac. & Rem. Code '101.021(1) (Vernon 2005).  The other involves the recompense of injury
caused by a condition or use of tangible personal or real property if the
governmental unit would, as a private person, be liable to the claimant.  Id.'101.021(2).  Moreover, to pierce the shield resurrected by sovereign
immunity, the plaintiff generally must allege, in his live pleading, facts
illustrating a cause of action within the parameters of '101.021(1) or (2).[2] 
City of Lubbock v. Rule, 68 S.W.3d 853, 857 (Tex. App.BAmarillo 2002, no pet.), overruled in part on other grounds by State
v. Shumate, 199 S.W.3d 279 (Tex. 2006).  Jones has not done that.  His
allegations regarding the failure to notify implicate neither a motor vehicle,
motor driven equipment, realty, nor tangible personalty.  Thus, the trial court
accurately concluded that he pled no cause of action which could survive the
bar of sovereign immunity.

Accordingly, the orders dismissing his suit are
affirmed.

 

Brian Quinn 

          Chief Justice        

 









[1]TCAPD moved to dismiss this appeal
contending that we have no jurisdiction over it.  This is purportedly so since
Travis County falls outside our geographic district.  Though the matter began
in Travis County and that county is outside the district overseen by the
Seventh Court of Appeals, the appeal was transferred to us by order of the
Texas Supreme Court.  See Tex.
Gov=t Code Ann. '73.001 (Vernon 2005) (granting the supreme court the
authority to transfer cases from one court of appeals to another at any time
that there is good cause for the transfer).  We take judicial notice of that
order and further note that TCAPD did not challenge the propriety of it.  Nor
did it question whether good cause existed for its execution.  We, therefore,
overrule the motion to dismiss.





[2]We note that appellant invoked 42
U.S.C. '1981 in his pleading.  That statute
implicates concepts of equal protection and prohibits discrimination.  It being
federal, we assume for purposes of argument alone that a claim implicating
facts and conduct within its scope could survive attack levied on the basis of
state common law notions of sovereign immunity.  But, even if it did, that
matters not for one invoking it would still have to allege facts illustrating a
cause of action within the scope of the statute.  City of Lubbock v. Rule, 68
S.W.3d 853, 857 (Tex. App.BAmarillo 2002, no pet.), overruled
in part on other grounds by State v. Shumate, 199 S.W.3d 279 (Tex. 2006). 
And, Jones did not do that.  Simply put, he did not allege that the action of
which he complains resulted from discrimination.