NO. 07-07-0069-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 15, 2007
_____

KEVIN L. JONES, SR.,

Appellant

v.

TRAVIS COUNTY ADULT PROBATION DEPARTMENT
a/k/a TRAVIS COUNTY COMMUNITY SUPERVISION AND
CORRECTIONS DEPARTMENT,

Appellee
_____

FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-06-001983; HON. GISELA TRIANA, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Kevin L. Jones, Sr., an indigent inmate, appeals from orders granting a plea to the jurisdiction filed by the Travis County Adult Probation Department a/k/a Travis County Community Supervision and Corrections Department (TCAPD). The latter was sued for monetary damages and injunctive relief due to its purported failure to inform Jones that his criminal conviction had been affirmed by the Third Court of Appeals. This, in turn,

effectively denied him the opportunity to timely initiate a petition for discretionary review, so he alleged. TCAPD filed a plea to the jurisdiction contending that the lawsuit was barred by sovereign immunity, which plea the trial court granted. Though his appellate contentions are somewhat confusing, we construe them as attacking the trial court's decision. Simply put, he believes that the trial court had jurisdiction to entertain the action. We disagree and affirm the order.[1]

Counties, as subdivisions of the state, enjoy sovereign immunity from suit. *Reed v. Prince,* 194 S.W.3d 101, 103 (Tex. App.–Texarkana 2006, pet. denied). Yet, there are two exceptions to this rule. One involves the recompense of injury caused by an employee acting within the scope of his employment and arising from the operation or use of a motor vehicle or motor driven equipment. TEX. CIV. PRAC. & REM. CODE §101.021(1) (Vernon 2005). The other involves the recompense of injury caused by a condition or use of tangible personal or real property if the governmental unit would, as a private person, be liable to the claimant. *Id.*§101.021(2). Moreover, to pierce the shield resurrected by sovereign immunity, the plaintiff generally must allege, in his live pleading, facts illustrating a cause of action within the parameters of §101.021(1) or (2).[2] *City of Lubbock v. Rule,*

---

[1]TCAPD moved to dismiss this appeal contending that we have no jurisdiction over it. This is purportedly so since Travis County falls outside our geographic district. Though the matter began in Travis County and that county is outside the district overseen by the Seventh Court of Appeals, the appeal was transferred to us by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §73.001 (Vernon 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is good cause for the transfer). We take judicial notice of that order and further note that TCAPD did not challenge the propriety of it. Nor did it question whether good cause existed for its execution. We, therefore, overrule the motion to dismiss.

[2]We note that appellant invoked 42 U.S.C. §1981 in his pleading. That statute implicates concepts of equal protection and prohibits discrimination. It being federal, we assume for purposes of argument alone that a claim implicating facts and conduct within its scope could survive attack levied on the basis of state common law notions of sovereign immunity. But, even if it did, that matters not for one invoking it would still have to allege facts illustrating a cause of action within the scope of the statute. *City of Lubbock v. Rule,* 68

68 S.W.3d 853, 857 (Tex. App.–Amarillo 2002, no pet.), *overruled in part on other grounds by State v. Shumate,* 199 S.W.3d 279 (Tex. 2006). Jones has not done that. His allegations regarding the failure to notify implicate neither a motor vehicle, motor driven equipment, realty, nor tangible personalty. Thus, the trial court accurately concluded that he pled no cause of action which could survive the bar of sovereign immunity.

Accordingly, the orders dismissing his suit are affirmed.


Brian Quinn
Chief Justice

---

S.W.3d 853, 857 (Tex. App.—Amarillo 2002, no pet.), *overruled in part on other grounds by State v. Shumate,* 199 S.W.3d 279 (Tex. 2006). And, Jones did not do that. Simply put, he did not allege that the action of which he complains resulted from discrimination.